HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| TAMARA TRICIA ROBERSON, | CASE NO. C13-5298 RBL |
|---|---|
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT |
| v. | |
| TACOMA COMMUNITY COLLEGE, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Tacoma Community College's motion for summary judgment [Dkt. #34]. Plaintiff Tamara Roberson is suing TCC, her employer, for racial discrimination and violating the Fair Labor Standards Act. She alleges that TCC illegally took away some of her job responsibilities, improperly classified her position as exempt from civil-service laws, and denied her position classification review request. TCC denies Roberson's allegations and seeks summary judgment. It argues that Roberson has no evidence that she suffered any adverse employment action, but even if she did, that there is no evidence that TCC's actions were motivated by race. It also contends that state employees like Roberson cannot sue their employers for violations of the FLSA.

ORDER GRANTING SUMMARY JUDGMENT - 1

## I. BACKGROUND

### A. Roberson's Employment History with TCC

Roberson started working for TCC part-time in 2003 as a student. After she graduated, she accepted a full-time salaried position in 2006 as a Student Support Specialist. TCC identified the Student Support Specialist position as exempt from civil-service laws. That position is funded by an annual federal grant. When she was hired, TCC informed her that the position was temporary, at-will, and would expire in a year. Since her first appointment, however, she has been continually reappointed when the previous appointment expired.

As a Student Support Specialist, Roberson's essential job functions include administering new-student assessment tests, helping students identify available resources, and serving as a liaison between student services and the Office of Workforce and Basic Skills. Her duties include training and supervising student and part-time employees working in the assessment services office, providing testing services on and off campus, supporting front-desk staff, and maintaining appropriate records.  Until October of 2012, she also helped administer GED tests. In October of 2012, however, TCC relocated where it conducted GED testing and reassigned Roberson's GED responsibilities to other staff.

### B. Roberson's Position Review Request

In March of 2012, Roberson submitted a position review request form to her supervisor. TCC uses the position review process to evaluate requests by classified, non-union-represented employees to reclassify their positions to affect a change in their pay or benefits. Roberson's supervisor advised her that her exempt position was not eligible for review but told her that the Human Resources Department would have to make the ultimate determination.

In April, TCC's Human Resources Department confirmed that Roberson's position was not eligible for review. Later that month, Roberson requested a Director's Review from the

Office of the State Human Resources Director. She asked the Director's Office to take remedial action and to make her a permanent employee. The Director's Review Program Supervisor confirmed that her position is exempt from civil service and denied her request.

In August of 2012, Roberson appealed the Director's Office's decision to the Washington State Personnel Resources Board. In her appeal, she continued to assert that her position should not be considered temporary, should be conferred permanent status, and is improperly identified as exempt under the Fair Labor Standards Act. Later that month, after reviewing her appeal, the Personnel Board concluded that Roberson's position was not eligible for review and affirmed TCC's and the Director's Office's determinations.

Roberson did not ask the Personnel Board for reconsideration or appeal its decision to state court. Rather, after she got the Personnel Board decision, she filed a charge of discrimination with the EEOC. She alleged that TCC had discriminated and retaliated against her based on her race during the time that she was corresponding with TCC Human Resources staff about her position review request. She received a Notice of Right to Sue in March of 2013. She filed this lawsuit a month later. She asserts two claims: a racial discrimination claim under Title VII of the Civil Rights Act, and a claim for violation of the Fair Labor Standards Act.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

      **B.**      **There is no evidence to support Roberson's discrimination claim**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To prevail on a Title VII claim, the plaintiff must first establish a prima facie case of discrimination. *Vasquez v. Co. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2004). If the plaintiff is able to establish a prima facie case, then the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its allegedly discriminatory conduct. *Id.* If the defendant is able to do so, then the burden shifts back to the plaintiff to show that the defendant's reason is mere pretext for discrimination. *Id.* At all times, the plaintiff bears the ultimate burden of proving that the defendant intentionally discriminated against him or her. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089 (1981).

To establish a prima facie case, Roberson must show that (1) she belongs to a protected class; (2) was adequately performing the functions of her job; (3) was subject to an adverse

employment action; and (4) that similarly situated individuals outside the protected class were treated more favorably. *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1121 (9th Cir. 2000).

TCC contends that Roberson did not suffer an adverse employment action and that Roberson cannot show that similarly situated employees were treated more favorably. Roberson contends that she suffered an adverse employment action when TCC denied her position review request and when it relocated the GED testing location and reassigned her GED testing responsibilities.

Neither of Roberson's claimed adverse employment actions support her claim. An adverse employment action is a significant change in employment status, such as discharge, demotion, or undesirable reassignment. *See Burlington Indust., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998). Being denied her position review request is not an adverse employment action because employers are allowed to enforce pre-existing rules. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892 (7th Cir. 2003). Roberson's position was established as exempt from civil service. Refusing to engage in a review process that is established for classified positions only, therefore, cannot be an adverse employment action, as a matter of law. Moreover, Roberson has failed to produce any evidence that if her position review request had been granted, that she would been granted more favorable employment conditions, such as higher pay, more paid time off, or better benefits.

Roberson's contention that she suffered an adverse employment action when TCC reassigned her GED testing responsibilities is equally unavailing. While an undesirable reassignment can be an adverse employment action, *see Burlington Indust., Inc.*, 542 U.S. at 761, Roberson has presented no evidence that she was reassigned to less desirable tasks in place of

administering the GED testing. In fact, there is no evidence that Roberson was reassigned to other tasks that she was not already performing. Roberson was not demoted and none of her essential job functions changed.

Even if Roberson did suffer an adverse employment action, TCC has articulated legitimate, non-discriminatory motives for its actions. As discussed above, TCC denied Roberson's position review request because her position was identified as exempt and, thus, not subject to review. Regarding the GED testing, TCC has presented evidence that it relocated the testing facility to a different building to facilitate new security measures, computer-based testing, and evening and weekend testing.

Roberson has failed to present any evidence that these decisions are merely pretext for racial discrimination. In fact, for a Title VII case, Roberson's complaint and response brief are remarkably devoid of even allegations that TCC was motivated by racial animus, in any way. She has presented no evidence that TCC's stated reasons for denying her position review or relocating the GED testing facilities are unworthy of credence.

Roberson's Title VII claim fails as a matter of law. TCC's motion for summary judgment is **GRANTED**.

C.     **TCC cannot be sued in federal court for FLSA violations**

Roberson claims that TCC violated the FLSA by identifying her position as exempt from civil service laws. Because she is a state employee, she cites numerous Washington statutes that she believes TCC violated. But because States have sovereign immunity under the Eleventh Amendment, public employees cannot sue their state employers for FLSA violations in federal

court. *Alden v. Maine*, 527 U.S. 706, 712 (1999).[1] Accordingly, TCC's motion for summary judgment is **GRANTED**.

### III.   CONCLUSION

Both of Roberson's claims fail as a matter of law. She has failed to establish a prima facie racial discrimination case or demonstrate that TCC's actions were motivated by race, and TCC cannot be sued by its employees for FLSA violations. TCC's motion for summary judgment is **GRANTED**, and this case is **dismissed with prejudice.**

IT IS SO ORDERED.

Dated this 15th day of May, 2015.

                                   *Ronald B. Leighton*
                                    RONALD B. LEIGHTON
                                    UNITED STATES DISTRICT JUDGE

---

[1] Even if TCC could be sued, Roberson admits that she is not making an overtime or minimum wage claim.